UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STRYKER CORPORATION, et al.,

      Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et al.,

      Defendants.
_____/

File No.  1:05-CV-051

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions filed by Defendants, one by XL Insurance America, Inc. ("XLIA") (Dkt. No. 152) and the other by TIG Insurance Company ("TIG") (Dkt. No. 154) for reconsideration and reversal of the Court's August 29, 2008, opinion (Dkt. No. 143) and judgment (Dkt. No. 144). For the reasons that follow, the Court denies Defendants' motions.

**I.**

Plaintiffs filed the instant action seeking to enforce the terms of insurance policies provided by XLIA and TIG, for coverage of certain third-party claims related to defective Duracon Uni-Knees brought against Pfizer (the "DUK Claims"). On August 29, 2008, after briefing and oral argument, the Court granted summary judgment to Plaintiffs as to all counts

1

against Defendants XLIA and TIG. On September 15, 2008, XLIA and TIG each filed separate motions seeking reconsideration and reversal of that ruling pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) states that "A motion to alter or amend a judgment must be filed no later than 10 days after entry of judgment." The Court finds that the motions were timely filed. *See* Fed. R. Civ. P. 6(a). Rule 59(e) does not set forth the grounds for granting a motion to alter or amend judgment; however, the Sixth Circuit has held that such a motion "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted); *accord Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Under the local rules, a motion for reconsideration "shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a).

## II.

### A. Duty to Defend

Defendants do not contend that there is new evidence or that there is an intervening change in controlling law. Defendants argue, first, that the Court entered judgment on a

ground not asserted by the Plaintiffs.[1]  Specifically, Defendants refer to the following statement by Plaintiffs in their reply brief on the motion for summary judgment:

> Plaintiffs, however, are not contending that XLIA had a duty to defend Stryker in the *Pfizer v Stryker* lawsuit.  Rather, Plaintiffs contend that XLIA had a duty to defend Pfizer in the 38 underlying lawsuits that involved Duracon Uni-Knees implanted after December 4, 1998 . . . .  Although these 38 lawsuits were the subject of the *Pfizer v Stryker* lawsuit, it is the underlying lawsuits, and not the *Pfizer v Stryker* lawsuit, that implicates XLIA's duty to defend and indemnify.

(Dkt. No. 113, Pls.' Reply Br. in Supp. of Mot. for Summ. J. 1.)  In its opinion, the Court concluded that:

> [XLIA] is obligated to defend Stryker Corporation in *Pfizer v. Stryker* and to indemnify Stryker Corporation for the final judgment entered in *Pfizer v. Stryker* and for the attorney's fees and costs incurred by Stryker Corporation in its defense in *Pfizer v. Stryker*.

(Dkt. No. 143, 08/29/2008 Op. 24.)

Defendants contend that the Court should not grant summary judgment on the basis that XLIA is obligated to defend Stryker because this issue was never briefed, and because Plaintiffs specifically excluded this argument from the pleadings.  Defendants contend that the Court cannot grant summary judgment on a ground not raised by a moving party, because the non-moving party must be put on notice that its failure to present evidence or arguments could be grounds for the granting of summary judgment, citing *Hughes v. Stottlemyre*, 454

---

[1] XLIA raises this argument in its motion, and TIG's motion incorporates the arguments of XLIA's motion.

3

F.3d 791 (8th Cir. 2006); *John Deere Co. v. American Nat'l Bank*, 809 F.2d 1190 (5th Cir. 1987); *Employers Ins. of Wasau v. Petroleum Specialties, Inc.*, 69 F.3d 98 (6th Cir. 1995).

To the extent that the Court's holding is based on the finding that XLIA breached a duty to defend Stryker in the *Pfizer v. Stryker* litigation,[2] Defendants request the Court to reverse its ruling and give Defendants the opportunity to argue this issue. However, Defendants do not indicate what arguments they would make, or indicate how this issue (*i.e.* whether Plaintiffs have a duty to defend Stryker or Pfizer) would affect the judgment issued by the Court, including the damages awarded and the disposition of the claims as set forth in the Court's opinion.

Defendants misread the Court's statements that Defendants have a duty to defend Stryker with respect to *Pfizer v. Stryker*. At issue in *Pfizer v. Stryker* is Stryker's obligation to defend and indemnify Pfizer for the DUK Claims covered by Stryker's contract with Pfizer. As alleged in Plaintiffs' Third Amended Complaint and argued in their motion for summary judgment, XLIA had a duty to Stryker defend these claims. Whether XLIA breached this duty by failing to defend Pfizer (as Plaintiffs argued in their briefing) or by failing to defend Stryker in the *Pfizer v. Stryker* litigation, there is no genuine issue of material fact that (1) XLIA had a contractual duty to Stryker to defend and indemnify the DUK Claims, and (2) XLIA breached its duty to Stryker by failing to defend and indemnify the DUK Claims. Stryker's liability and defense costs in connection with the *Pfizer v.*

---

[2]*Pfizer v. Stryker*, No. 1:02-CV-8613 (S.D.N.Y.).

*Stryker* litigation are a consequence of XLIA's failure to defend and indemnify the DUK Claims; thus, as the Court stated in its opinion, XLIA is liable for the final judgment entered in *Pfizer v. Stryker* and for the attorney's fees and costs incurred by Stryker in its defense thereof.

### B. Tender of Defense

Defendants also objects to the Court's conclusion that Plaintiffs' notice of the DUK claims is sufficient to give rise to XLIA's duty to defend. Defendants cite several cases that purportedly hold that notice alone is not sufficient under Michigan law to trigger an insurer's duty to defend; rather, the insured must also tender the defense to the insurer. *See Firemen's Fund Ins. Co. v. Ex-Cell-O Corp.*, 790 F. Supp. 1318 (E.D. Mich. 1992); *Oscar W. Larson Co. v. United Capitol Ins. Co.*, 845 F. Supp. 458 (W.D. Mich. 1993); *Aero-Motive Co. v. Great Am. Ins.*, No. 1:03-CV-55, 2004 WL 3457630 (W.D. Mich. Nov. 23, 2004) (unpublished); *Hartford Accident Indem. Co. v. Gulf Ins. Co.*, 776 F.2d 1380 (7th Cir. 1985). As indicated in the Court's opinion, the Court relies on the language of the contract at issue. Moreover, the Court follows the reasoning in *Aetna Cas. & Sur. Co. v. Dow Chem. Co.*, 44 F. Supp. 2d 847 (E.D. Mich. 1997), which declines to follow the decision in *Ex-Cell-O*. *Id.* at 857. The opinion in *Oscar W. Larson* cites *Ex-Cell-O* for the rule that, "under Michigan law, an insurer's duty to defend arises when an insured tenders to its insurer its defense", but the court does not analyze the requirements of the insurance policy at issue, and does not

discuss whether notice of the claims by the insured would be sufficient. *See Oscar W. Larson*, 845 F. Supp. at 460.

Similarly, *Aero-Motive Co.* does not support Defendants' position. In that case, the court determined that the insurer's duty to defend is triggered when a covered claim is *brought against the insured*; however, the insurer would not be liable for *defense costs* until after it received notice from the insured. *Aero-Motive Co.*, 2004 WL 3457630 at *6. The policy at issue in *Aero-Motive* contained a provision similar to the notice provision in the XLIA policy, requiring "notice" of claims covered by the policy by the insured to the insurer. *Id.* The court analyzed the notice given by the insured to determine whether it was untimely, but did not consider whether the notice was insufficient as a formal tender. *Id.* In other words, the court does *not* hold, as Defendants argue, that a formal tender is required in addition to notice in order to trigger the duty to defend, or that notice by the insured to the insurer in accordance with the requirements of the insurance policy is insufficient to give rise to a duty to defend.

Finally, the Seventh Circuit's decision in *Hartford Accident* is not binding on this Court, and is not applicable because it interprets Illinois, rather than Michigan, law. *See Hartford Accident*, 776 F.2d at 1382.

For the foregoing reasons, Defendants' motions will be denied to the extent that Defendants seek reversal of the Court's judgment; however, the Court will issue an amended opinion and judgment to clarify the Court's holding with respect to XLIA's duty to defend.

6

### III.

Defendant TIG also objects to the Court's holding that TIG is subject to issue preclusion[3] with respect to issues decided in *Stryker Corporation v. XL Insurance America Inc.*, File No. 4:01-CV-157 ("*Stryker I*") regarding Plaintiff Stryker's contract with XLIA.

First, TIG argues that, because it was not a party to *Stryker I*, it should not be subject to issue preclusion with respect to issues decided in that case, citing *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843 (Mich. 2004) and *Gilbert v. Ferry*, 413 F.3d 578 (6th Cir. 2005). However, the cases relied upon by TIG apply Michigan law with respect to issue preclusion. In successive diversity cases, federal law applies. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). Under federal law, issue preclusion applies if the same party, *or their privy*, is involved in the original action.[4] *Cent. Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 260 n.2 (6th Cir. 1991). For the reasons stated in the Court's opinion, the requirement of privity has been met with respect to TIG, and TIG does not argue otherwise.

TIG also argues that Plaintiffs never asserted issue preclusion against TIG; thus, TIG did not argue this issue. TIG asserts that the Court cannot grant summary judgment against a party on an issue of which it did not have notice. However, TIG clearly did have notice of

---

[3] Referred to by TIG as "collateral estoppel." The Court prefers to use the term "issue preclusion" in accordance with the direction of the Sixth Circuit. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997).

[4] A party in privity also satisfies the "same party" requirement for issue preclusion under Michigan law. *See Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 310 (6th Cir. 2005).

the issue of issue preclusion as applied to TIG. In its response to Plaintiffs' motion for summary judgment *against TIG*, TIG acknowledged that "The threshold issue in this case is whether the rulings rendered in [*Stryker I*] control the issues in this case. . . . Stryker argues that the rulings in *Stryker I* are binding in this case under the doctrine of collateral estoppel." (Dkt. No. 107, Def.'s Resp. to Mot. for Summ. J. 3, 4.) TIG's opposition brief raised several arguments for why issue preclusion should not apply, including the fact that the rulings in *Stryker I* did not involve the TIG policy at issue. (*Id.* at 4.) The Court considered and rejected these arguments.

Accordingly,

**IT IS HEREBY ORDERED** that the motions for reconsideration by Defendant XL Insurance America, Inc. (Dkt. No.152) and by Defendant TIG Insurance Company (Dkt. No. 154) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court's August 29, 2008, opinion (Dkt. No.143) and judgment (Dkt. No. 144) are **VACATED**. The Court will issue an amended opinion and judgment.


Dated: January 8, 2009                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE