UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

    Plaintiffs,

v.

XL INSURANCE AMERICA INC., formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY, et al.,

    Defendants.
_____/

File No. 1:05-CV-51

HON. ROBERT HOLMES BELL

## **O P I N I O N**

The motions before the Court arise under three related actions. Each of the three actions involves claims for indemnification by Stryker Corporation ("Stryker") and its subsidiary, Howmedica Osteonics Corporation ("Howmedica"), from their insurers for third-party claims related to defective Duracon Uni-Knee products ("DUK Claims"). The insurers are Defendants XL Insurance America, Inc. ("XLIA"), formerly known as Winterthur International America Insurance Company, National Union Fire Insurance Company of Pittsburgh ("National Union"), and TIG Insurance Company ("TIG"). The three actions are:

(1)     *Stryker v. XLIA*, No. 4:01-cv-157 (*Stryker I*), in which Stryker sought indemnification from XLIA and National Union for DUK Claims brought against Stryker;

(2)     *Stryker v. XLIA,* No. 1:05-cv-51 (*Stryker II*), in which Stryker sought indemnification from XLIA, National Union, and TIG for DUK Claims brought against Pfizer, Inc. ("Pfizer"). Stryker is contractually obligated to defend and indemnify these claims pursuant to an Asset Purchase Agreement, and Pfizer brought suit against Stryker to enforce these obligations in *Pfizer v. Stryker*, No. 02-cv-8613 (S.D.N.Y.); and,

(3) *TIG v. Stryker*, No. 1:09-cv-156 (*Stryker III*), in which TIG seeks a declaratory judgment against Stryker and XLIA that: (i) it is not liable to Stryker until the underlying insurance obligations have been exhausted, and (ii) the underlying insurance obligations have not been exhausted.

The Court heard oral arguments on pending motions in these actions on September 21, 2009. The motion before the Court in *Stryker II* is Defendant XLIA's motion for partial summary judgment (Dkt. No. 1072). For the reasons that follow, the Court will grant this motion in part and deny it in part.

I.

In *Stryker II*, Plaintiffs allege that Defendant XLIA breached the terms of an insurance policy issued to Stryker by failing to defend and indemnify the DUK Claims brought against Pfizer that are at issue in *Pfizer v. Stryker*. Stryker is contractually obligated to defend and indemnify Pfizer pursuant to an Asset Purchase Agreement with Pfizer, and in that action Pfizer sought indemnification from Stryker pursuant to that agreement. After the court in *Pfizer v. Stryker* issued an interlocutory judgment against Stryker in favor of Pfizer, Stryker sought indemnification from XLIA in this action. Stryker alleged that its liabilities to Pfizer are covered by the "Insured Contract" portion of the XLIA policy. On January 8, 2009, this Court issued an amended opinion and partial judgment granting Plaintiffs' motion for summary judgment as to XLIA's liability for the judgment against Stryker in *Pfizer v. Stryker*. (Dkt. Nos. 161, 162, 01/08/2009 Amended Op. & Partial J.) In that opinion, the Court held that the DUK Claims against Pfizer are covered by the policy, that XLIA breached its duty to Stryker to defend these claims, and that XLIA is obligated by the policy to

indemnify Stryker for the final judgment in *Pfizer v. Stryker*. (*Id.* at 17, 24.)

XLIA's motion for summary judgment in this action is essentially the same as its parallel motion for partial summary judgment filed in *Stryker I*. (*Stryker I*, Dkt. No. 1072.) XLIA contends that on February 2, 2009, it made a payment to Pfizer to settle Pfizer's claims against Stryker and satisfy the judgment in *Pfizer v. Stryker* ("Pfizer Settlement"). It further contends that at least $17 million of this payment is covered by the policy and exhausts the policy limit. XLIA seeks a declaration: (1) that the Pfizer Settlement satisfied the Court's partial judgment requiring XLIA to indemnify Stryker for the final judgment in *Pfizer v. Stryker*; (2) that XLIA's policy has been exhausted by the Pfizer Settlement; and, (3) that as a result of exhaustion of the policy limit, XLIA has no further obligation to defend and indemnify Stryker for any additional claims under the policy.

## A. Procedural Objections

Stryker argues that XLIA's motion is procedurally defective because it is untimely, having been filed after the deadline for dispositive motions, and because it improperly seeks declaratory relief by a motion.[1]

With respect to the timing of XLIA's motion, the Court set a deadline of August 12, 2008, for dispositive motions in its case management order. (Dkt. No. 52.) XLIA indicates that it could not have filed its motion any sooner than shortly after its settlement with Pfizer. The Court's case management order does not bar the Court from considering XLIA's motion.

---

[1] Stryker also argues that the Court does not have jurisdiction to consider the motion because of an appeal by TIG; however, TIG's appeal was dismissed on April 24, 2009.

3

*See* Fed. R. Civ. P. 16(b)(4) (noting that the Court's schedule may be modified "for good cause"). XLIA has shown good cause for the timing of its filing, and Stryker has not shown that it suffers any prejudice. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (affirming district court's modification of scheduling order by late filing of summary judgment motion where good cause was shown and where there was no indication of prejudice).

To the extent that XLIA's motion seeks "declaratory relief," Plaintiffs argue that such relief may be considered only "upon the filing of an appropriate pleading." 28 U.S.C. § 2201(a). Generally, motions are not "pleadings." *See* Fed. R. Civ. P. 7(a) (listing pleadings as complaints, answers, claims, and counterclaims). However, the Court agrees with XLIA that, in this action, a counterclaim for declaratory relief would be unnecessary because a motion for summary judgment would accomplish the same purpose. Part of Plaintiffs' claim in this action is that XLIA is liable to Stryker for the final judgment in *Pfizer v. Stryker*. Defendant's motion seeks, in part, a judgment that its liability for the *Pfizer v. Stryker* judgment has been satisfied. Unlike Defendant's motion for summary judgment in *Stryker I*, granting Defendant the relief it requests (*i.e.* that it has satisfied the judgment in *Pfizer v. Stryker*) would not require the Court to vacate or amend any of its previous judgments. Granting this relief does not change XLIA's liability for the *Pfizer v. Stryker* judgment, it merely changes the amount for which XLIA can be held liable. There is no genuine dispute that XLIA has satisfied this judgment. Thus, the Court will grant XLIA's motion, in part, on this basis.

**B. Substantive Objections**

To the extent that XLIA seeks a declaration that its policy has been exhausted and that it has no further obligation to indemnify and defend Stryker, notwithstanding any procedural defects in seeking a declaration via a motion for summary judgment, XLIA has not shown that such relief is warranted because it has not shown that the Pfizer Settlement exhausts the limits of its policy, for the reasons stated in Section I.B of the Court's opinion entered this date addressing XLIA's parallel motion in *Stryker I*.

For the foregoing reasons (including the reasons stated in the Court's opinion in *Stryker I*), XLIA's motion for partial summary judgment will be granted in part to the extent that it seeks summary judgment on the amount of damages to which Stryker is entitled with respect to the *Pfizer v. Stryker* judgment, and denied in part to the extent that it seeks relief on the basis that its policy has been exhausted by its settlement of the *Pfizer v. Stryker* judgment.

**II.**

Having addressed XLIA's liability with respect to the *Pfizer v. Stryker* judgment, one element of damages that remains to be resolved in *Stryker II* is the extent to which Stryker is entitled to its costs of defending the *Pfizer v. Stryker* action. The Court determined in its January 8, 2009, amended opinion that XLIA is liable for Stryker's costs of defending that action as damages for XLIA's breach of its policy, including breach of its duty to defend the

DUK Claims.[2] (Dkt. No. 161, 01/08/2009 Amended Op. 24.) On January 16, 2009, the Court requested additional briefing on whether Stryker is entitled to these costs, including its costs pursuing counterclaims in that action. (Dkt. No. 166, 01/16/2009 Order.) The Court stated that it reserved the right to amend its previous opinion. (*Id.*) Stryker and XLIA filed briefs in response to that order. For the reasons that follow, the Court will affirm its previous opinion.

Under Michigan contract law, consequential damages "are those damages that arise naturally from the breach, or which can reasonably be said to have been in contemplation of the parties at the time the contract was made." *Lawrence v. Will Darrah & Assocs., Inc.*, 516 N.W.2d 43, 48 (Mich. 1994) (quoting *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980)). Where an insurer breaches its duty to defend the insured, the insurer is liable for the insured's costs to defend an action covered by the policy. *Schiebout v. Citizens Ins. Co. of Am.*, 366 N.W.2d 45, 49 (Mich. App. 1985) ("If the insurance company has breached [its duty to defend], it then, like any other party to a contract who has failed to perform, becomes liable for all foreseeable damages flowing from the breach.") (citing *City Poultry & Egg Co. v. Hawkeye Cas. Co.*, 298 N.W. 114 (Mich. 1941); *Cooley v. Mid-Century Ins. Co.*, 218 N.W.2d 103, 105 (Mich. App. 1974) ("An insurer who wrongfully refuses to defend an action against the insured, on the ground that the action was not within the coverage of the policy, is liable for reasonable attorney fees incurred by the insured in the defense of the

---

[2]XLIA contends that it never had a duty to defend Pfizer, but this is contrary to the Court's amended opinion.

6

action brought against them.") (citing *City Poultry*, 298 N.W. at 114).

Stryker's costs to defend the DUK Claims at issue in *Stryker I* are clearly consequential damages under *City Poultry* and *Cooley*. Stryker contracted with XLIA to provide a defense of these claims. When XLIA failed to defend Stryker, Stryker incurred defense costs as a reasonably foreseeable consequence of XLIA's breach. The circumstances in *Stryker II* are different because the DUK Claims at issue in this action were brought against Pfizer. The Court has determined that XLIA was contractually obligated to Stryker to defend these claims. (Dkt. No. 161, Amended Op. 24.) Ultimately, Pfizer defended these claims and sought indemnification for its defense and settlement costs from Stryker in the *Pfizer v. Stryker* action. Thus, at issue is whether Stryker's costs in defending Pfizer's contract enforcement action in *Pfizer v. Stryker* were a reasonably foreseeable consequence of XLIA's breach of its duty to defend and indemnify the DUK Claims brought against Pfizer.

Stryker contends that its defense costs in *Pfizer v. Stryker* are recoverable as consequential damages because Pfizer would not have sued Stryker if XLIA had fulfilled its obligation to defend and indemnify the DUK Claims. XLIA responds that they were *not* foreseeable because Stryker could have honored its own obligations under the Asset Purchase Agreement to defend and indemnify Pfizer and XLIA had no control over that decision.

Michigan courts adhere to the general rule that attorney's fees and litigation costs are not recoverable absent statutory authority or court rule. *State Farm Mut. Auto. Ins. Co. v. Allen*, 212 N.W.2d 821, 823-24 (Mich. Ct. App. 1973). However, there is a recognized

7

exception where such fees and costs arise in separate litigation with a third party as a consequence of the defendant's wrongful conduct. *Id.* at 825-26; *see Birkenshaw v. City of Detroit*, 313 N.W.2d 334, 338 (Mich. Ct. App. 1981) ("Michigan courts have recognized that attorney fees incurred in prior litigation are recoverable as damages if proximately caused by a defendant's wrongful conduct."). Such "wrongful conduct" can include breach of contract. *See Lansing Pavilion, LLC v. Eastwood, LLC*, No. 265970, 2006 WL 2271348, at *2 (Mich. Ct. App. Aug. 8, 2006) (unpublished) ("'Sometimes a breach of contract results in claims by third persons against the injured party. The party in breach is liable for the amount of any judgment against the injured party together with his reasonable expenditures in the litigation, if the party in breach had reason to foresee such expenditures as the probable result of his breach at the time he made the contract.'") (quoting Restatement (Second) of Contracts § 351 cmt. c (1981)).

Stryker cites *Warren v. McLouth Steel Corp.*, 314 N.W.2d 666 (Mich. Ct. App. 1981), and *State Farm*, 212 N.W.2d at 821, as authority in support of recovery of its defense costs in *Pfizer v. Stryker*. In *State Farm*, an insurer sued its insured seeking a declaration of rights and rescission of contract with respect to an automobile insurance policy. It also sued the insurance agent and the dealership that issued the policy. A jury determined that the insurance agent and dealership acted in concert to falsify and forge the insurance application. In a previous action, the insurer had defended the insured from a third-party claim covered by the insurance policy. The insurer sought recovery of its fees for defending the insured in the previous action. The court awarded the fees reasoning that "'where the present defendant

has by his wrongful conduct, be it tort or breach of contract, caused the present plaintiff to defend or prosecute [p]revious legal proceedings, the law . . . allows the plaintiff to recover all the expense, including counsel fees, reasonably incurred by him in the prior litigation.'" *Id*. at 825-26 (quoting McCormick, *Damages* § 66 at 246). The court reasoned that, but for the wrongful conduct of the dealership and insurance agent in falsifying the application, the insurer would not have been forced to defend the suit between its insured and the other automobile driver because the policy would not have issued. *Id.* at 826.

In *Warren*, defendant McLouth contracted with third-party defendant Valley to make certain repairs. 314 N.W.2d at 668. During the course of the repairs, an employee of Valley was injured and that employee sued McLouth for the injuries. McLouth defended the employee suit and sought indemnification from Valley. The court noted the exception to the rule barring recovery of attorney's fees that has been "sparingly allowed" where a party has been "forced to expend money to defend because of the wrongful acts of another." *Id.* at 671. The court held that McLouth could recover its expenses defending the employee's claim because McLouth was forced to defend the claim as a result of injuries caused by Valley's wrongful conduct. *Id.* at 672.

Neither *Warren* nor *State Farm* involved precisely the situation at issue in *Stryker II*, in which the plaintiff contends that the defendant's breach of its contract with the plaintiff resulted in the plaintiff's defense of a separate breach of contract action with a third party. XLIA argues that Stryker's defense costs in *Pfizer v. Stryker* were not foreseeable because Stryker was not *compelled* to dispute its agreement with XLIA; it could have acceded to

9

Pfizer's claims by paying for Pfizer's defense and settlement costs under its own contractual obligations and then sought indemnification from XLIA. However, XLIA's argument does not meaningfully distinguish cases like *Warren* and *State Farm*. In *State Farm*, the insurer could have avoided defense costs by acceding to claims against its insured by the other driver. In *Warren*, McLouth could have avoided defense costs by settling the injury claim with Valley's employee. The Court is aware of no authority indicating that a non-breaching party is not entitled to assert a reasonable defense to a third-party claim arising from the breach rather than accept a default judgment. Moreover, XLIA's argument that Stryker was not *compelled* to dispute and defend Pfizer's claim appears to confuse causation and a failure to mitigate. *See Lawrence*, 516 N.W.2d at 49 (distinguishing foreseeability of contract damages from mitigation). The latter is XLIA's burden to plead and prove. *Id.*

Nevertheless, Stryker must show that its defense costs were a reasonably foreseeable consequence of, or arose naturally from, the particular breach asserted by Stryker. *See id.* at 48. To the extent that Stryker claims that its defense costs were a consequence of XLIA's failure to *defend* the DUK Claims brought against Pfizer, there is no dispute that XLIA knew or should have known about the Asset Purchase Agreement and Stryker's obligation to Pfizer to defend the DUK Claims. Thus, it was reasonably foreseeable that XLIA's failure to provide a defense of the DUK Claims to Pfizer would result in costs incurred by Pfizer to defend the DUK Claims and a claim by Pfizer for reimbursement of these costs under the terms of the Asset Purchase Agreement. To the extent that Stryker can show that its costs in *Pfizer v. Stryker* are defensive of this claim by Pfizer, it may be entitled to recovery of

10

such costs. However, it is premature for the Court to determine which costs are recoverable because Stryker has not moved for specific costs from that action and has not attempted to tie any particular costs to defense of this claim.

To the extent that Stryker claims that its defense costs in *Pfizer v. Stryker* were a reasonably foreseeable consequence of XLIA's failure to *indemnify* Stryker, the basis for this claim is unclear. Unlike the failure to defend, there is no indication that Pfizer incurred additional costs as a result of XLIA's failure to indemnify Stryker. In other words, there is no indication that XLIA's breach of the duty to indemnify Stryker gave rise to a claim by Pfizer that Stryker would not have been forced to defend in the absence of XLIA's breach. XLIA's duty to indemnify is separate and distinct from its duty to defend. *See Mich. Educ. Employees Mut. Ins. Co. v. Turow*, 617 N.W.2d 725, 728 (Mich. Ct. App. 2000) ("The duty to defend and the duty to indemnify are distinct and separable duties. . . . An insurer's duty to defend 'arises solely from the language of the insurance contract.'") (quoting *Stockdale v. Jamison*, 416 Mich. 217, 224 (1982)).

XLIA indicates that its policy provides that it is obligated to indemnify Stryker only for amounts that Stryker "becomes legally obligated to pay[.]" (Dkt. No. 70, Third Amended Compl., Ex. A, XLIA Policy § I.) The policy also provides that the insured has "no right of action" against XLIA "unless" the amount owed by the insured "has been determined by [XLIA's] consent or by actual trial and final judgment." (XLIA Policy, Conditions § H.2.) Thus, XLIA argues that any breach of its duty to indemnify Stryker was not the cause of Pfizer's claims, or of Stryker's costs of defense, in the *Pfizer v. Stryker* action because that

11

breach occurred, if at all, *after* Stryker defended that action and was found to be "legally obligated to pay" Pfizer by the court's judgment in *Pfizer v. Stryker*. Stryker does not address these arguments or these provisions of the policy in its brief. Therefore, to the extent that Stryker's claim for defense costs is based on XLIA's breach of the duty to *indemnify* Stryker, it has not shown that it is entitled to such costs.

With respect to Stryker's costs pursuing counterclaims in *Pfizer v. Stryker*, Stryker contends that these costs are also recoverable as consequential damages because the counterclaims are "defensive in nature" and "prosecuted to limit or defeat" liability, citing *Oscar W. Larson Co. v. United Capitol Insurance Co.*, 845 F. Supp. 458, 461 (W.D. Mich. 1993). The Court notes that, while Stryker has provided some evidence of the claims and counterclaims in *Pfizer v. Stryker*, it has not moved for a ruling on any specific costs of defense from that action, nor has it argued, much less established, that there is a connection between any of its allegedly defensive counterclaims and XLIA's breach of the duty to defend, as distinct from a breach of the duty to indemnify.[3] Thus, it is premature for the Court to determine that Stryker is entitled to costs pursuing defensive counterclaims because it has not shown that it is entitled to them and because the evidence regarding such costs is not before the Court.

---

[3] Stryker also argues that it would not have pursued its counterclaims for indemnification from Pfizer if XLIA had defended and indemnified Stryker for the DUK Claims brought against Stryker that were at issue in *Stryker I*. However, Stryker offers no authority for the notion that breach of an indemnity obligation requires the breaching party to fund any effort by the other party to seek indemnification from another source, including the pursuit of disputed claims against a third party. There is no basis for the Court to conclude that Stryker's attempt to seek indemnification from Pfizer for the DUK Claims at issue in *Stryker I* was a reasonably foreseeable consequence of XLIA's breach of its duty to defend and indemnify Stryker for these claims.

The Court's amended opinion holds that Stryker is entitled to its costs of defense in *Pfizer v. Stryker* as damages for XLIA's breach. (Dkt. No. 161, 01/08/2009 Amended Op. 21.) That holding is correct, but only to the extent that Stryker can establish that such costs were expended in defense of Pfizer's claim for reimbursement of Pfizer's defense costs. The Court notes that Stryker has not established that it is entitled to all of its defense costs from the *Pfizer v. Stryker* action, nor has it established that it is entitled to any specific amount of such costs. For the foregoing reasons, the Court will affirm its prior opinion.

An order and partial judgment will be entered that are consistent with this opinion.


Dated: October 7, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE