UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

    Plaintiffs,

v.

XL INSURANCE AMERICA INC.,
formerly known as WINTERTHUR
INTERNATIONAL AMERICA
INSURANCE COMPANY, and TIG
Insurance Company,

    Defendants.
_____/

File No. 1:05-CV-51

HON. ROBERT HOLMES BELL

## **AMENDED OPINION**

This opinion amends and replaces the opinion dated September 30, 2010 (Dkt. No. 239).

This matter is before the Court on a motion filed by Defendant XL Insurance America ("XL") seeking a judgment on the pleadings in favor of the Defendant on all remaining claims in this action. Plaintiffs Stryker Corporation ("Stryker") and Howmedica Osteonics Corporation oppose Defendant's motion, and have moved for summary judgment on their claim for penalty interest under Mich. Comp. Laws. § 500.2006.

1

I.

This diversity action ("*Stryker II*") is one of three related actions arising out of an insurance coverage dispute. In this action, Plaintiffs brought suit against Defendant XL seeking indemnification for the DUK claims brought against Pfizer that were at issue in *Pfizer v. Stryker,* File No. 1:02-CV-8613, in the Southern District of New York. On January 8, 2009, this Court issued an amended opinion and partial judgment granting Plaintiffs' motion for summary judgment as to XL's liability for the judgment against Stryker in *Pfizer v. Stryker*. On February 2, 2009, Defendant XL made a payment to Pfizer which settled Pfizer's claims against Stryker. This Court has ruled that XL's payment to Pfizer satisfies its liability for the judgment in *Pfizer v. Stryker*. (Dkt. No. 196.)

One issue remains. Plaintiffs seek statutory penalty interest under Mich. Comp. Laws § 500.2006, which requires insurers to pay 12% interest on insurance benefits that are not timely paid. Despite the fact that Plaintiffs never made a payment to Pfizer, Plaintiffs' claim that Defendant XL owes them $5,603,290 in penalty interest.

The parties raise a number of arguments and counter-arguments regarding who, if anyone, is entitled to penalty interest under § 500.2006, and whether the right to said interest has been waived. Most of these arguments are gratuitous, as the Court's prior analysis of Michigan law leads to a finding for the Defendant. *See Traverlers Prop. Cas. Co. of AM. v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 264 (6th Cir. 2010) ("A court sitting in diversity applies the law of the forum state and, in the absence of direct state court precedent, must

make its best prediction as to how the highest state court would resolve the issues presented.")

The Court need not entirely reproduce the analysis from its June 24, 2009 opinion in the companion case to this action, *Styker Corp. and Howmedica Osteonics corp v. XL Insurance America, Inc.*, File No. 4:01-cv-157, ("*Stryker I*"), but a brief reiteration and application to the present action is appropriate. M.C.L. § 500.2006(1)(4) states as follows:

> If benefits are not paid on a timely basis the benefits paid shall bear simple interest . . . at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute. . . .

Ambiguity arose in the Michigan courts regarding the scope of the "reasonably in dispute" language in § 500.2006. (*see Stryker I*, Dkt. No. 1122 at 15-17.) The issue was addressed in *Griswold Properties, L.L.C. v. Lexington Insurance Co.*, 740 N.W.2d 659 (Mich. Ct. App. 2007) ("*Griswold II*"), which confirmed that the "reasonably in dispute" language only applies to third party tort claimants, and not to directly insured parties.

In *Stryker I*, a companion to this action, Plaintiffs obtained judgment against Defendant XL for indemnification of settlement costs incurred directly by Stryker with respect to DUK claims. Stryker also sought penalty damages under § 500.2006 in that case. Although a lengthy litigation history indicates that the insurance claim against XL was "reasonably in dispute," Stryker argued that, following *Griswold II*, the "reasonably in

3

dispute" language did not apply to Stryker as the insured party. In opposition, Defendant XL cited the recent decision in *Auto-Owners Insurance CO. v. Ferwerda Enterprises, Inc.*, --- N.W.2d ---, No. 277547, 2010 WL 322986 (Mich. Ct. App. Jan. 28, 2010) in support of its argument that § 500.2006 interest is not available on any claim (even one brought by the insured) that is reasonably in dispute and is tied to underlying third-party claims.

The Court disagreed with Defendant's broad interpretation of *Ferwerda*, and awarded Stryker § 500.2006 interest. Importantly, in *Stryker I*, the Plaintiffs had settled and paid the underlying DUK tort claims. The Court reasoned as follows:

> *Ferwerda* is distinguishable from [*Stryker I*] because, unlike [the plaintiff in Ferwerda], Plaintiffs have settled and paid the third-party claims, and those settlements are part of the judgment for which Plaintiffs seek an award of interest. The court in *Ferwerda* made a point of distinguishing the third-party losses in its case from the direct losses by the insured claimants in *Griswold*. However, when the insured pays the third party's claims, the third party's loss is transferred to the insured, and the insured suffers the consequences of continued delay by the insurer. If the purpose of § 500.2006 is to encourage prompt payment of claims, that purpose is met, in part, with respect to the third party when it receives payment from the insured. But the insurer continues to be obligated to pay the claim; the only difference is that the insured, the contracting party, is the party suffering the consequences of the insurer's continued delay. It would undermine the purpose of § 500.2006(4) to promote timely payment of claims if an insurer could, after its insured has paid the third party's claims, continue to delay payment *to its insured* and be subject to the bad faith standard applicable to third-party tort claimants, or be exempt entirely from a claim for interest by its insured.

*Stryker I,* Dkt. No. 1122 at 21-22.

The present action features the same parties and the same penalty interest statute. Indeed, the basis of this action is once again indemnification for an underlying third party

4

claim. However, there is a critical and obvious difference. Here, Plaintiffs never paid the underlying third party claim. Defendant XL settled directly with Pfizer, satisfying both Pfizer's judgment against Stryker and, as this Court has ruled, XL's liability to Stryker for that judgment. (Dkt. No. 196)

As Plaintiffs never paid Pfizer, the present action is indistinguishable from *Ferwerda*, in which the Michigan Court of Appeals ruled that an insured party cannot seek § 500.2006 interest from its insurer on reasonably disputed underlying third party claims when those claims were never paid. Stryker, the insured, was not injured by XL's delay. Pfizer was the injured party, but Pfizer was a third party tort claimant. Under *Griswold II* as modified by *Ferwerda*, neither the Plaintiffs nor Pfizer are entitled to § 500.2006 penalty interest in this action. Therefore, Plaintiffs' motion for summary judgment on their claim of penalty interest under § 500.2006 will be denied.

As all parties agree that Plaintiffs' § 500.2006 claim was the only remaining issue in this case. Accordingly, Defendant's motion for judgment on the pleadings, for entry of final judgment, and for a determination that the final judgment has been satisfied will be granted. This Opinion is consistent with the Order (Dkt. No. 240) and Final Judgment (Dkt. No. 241) entered on September 30, 2010, which shall remain in effect.

Dated: October 4, 2010              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE

5