STRYKER CORPORATION, *et al.*,

      Plaintiffs,

v.                                                                    File No.  4:01-CV-157

XL INSURANCE AMERICA, INC.,

      Defendant.
                                                                     HON. ROBERT HOLMES BELL
and

STRYKER CORPORATION, *et al.*,

      Plaintiffs,

v.                                                                    File No. 1:05-CV-51

XL INSURANCE AMERICA, INC. and
TIG INSURANCE COMPANY,

      Defendants.
_____/

## **O P I N I O N**

    These two related insurance coverage actions are before the Court on remand from

the Sixth Circuit Court of Appeals.[1]  Currently before the Court is a motion for summary

_____

[1]In this opinion the Court will refer to *Stryker Corp v. XL Insurance America, Inc.*,
Case No. 4:01-CV-157, as *Stryker I*, and to *Stryker Corp. v. National Union Fire Insurance
Co. of Pittsburgh, PA*, Case No. 1:05-CV-51, as *Stryker II*.   The Court will refer to the
appeal of *Stryker I*, *Stryker Corp. v. XL Insurance America*, 681 F.3d 806 (6th Cir. 2012),
as *Stryker I* Appeal, and to the appeal of *Stryker II*, *Stryker Corp. v. National Union Fire*

judgment filed by Defendant XL Insurance America, Inc. ("XL") seeking a declaration that

it has exhausted the limits of its policy (XL Policy HFL 004-28-67-00) and is entitled to

recover an overpayment in connection with the Pfizer settlement.[2] (*Stryker I*, Dkt. No. 1179;

*Stryker II*, Dkt. No. 284.) Plaintiffs Stryker Corporation and Howmedica Osteonics Corp.

(collectively, "Stryker") and Defendant TIG Insurance Company ("TIG") oppose the motion.

For the reasons that follow, the motion will be granted in part and denied in part.

## I.

On January 4, 2008, this Court held that because XL breached its duty to defend

Stryker with respect to Uni-Knees claims, XL was not entitled to the benefit of Stryker's $2

million self-insured retention ("SIR"). (*Stryker I*, Dkt. No. 949, 01/04/2008 Op. 12-18;

*Stryker I*, Dkt. No. 950, 01/04/2008 Order.) On October 7, 2009, this Court ruled that XL's

breach of the duty to defend Stryker voided any limits of liability in the XL policy, and that

XL was accordingly responsible for all of Stryker's losses associated with Uni-Knees claims

regardless of its policy limits. (*Stryker I*, Dkt. No 1092.) Both of these rulings were based

on the Sixth Circuit's decision in *Capitol Reproduction v. Hartford Insurance Co.*, 800 F.2d

617 (6th Cir. 1986), which held that under Michigan law, "when an insurer fails to fulfill its

---

*Insurance Co. of Pittsburgh, PA*, 681 F.3d 819 (6th Cir. 2012), as *Stryker II* Appeal.

[2]Also pending are Stryker's motion for summary judgment against TIG (*Stryker II*, Dkt. No. 261); Stryker's motion for partial summary judgment regarding penalty interest (*Stryker I & II*, Dkt. Nos. 1180, 285); and TIG's motion to bar or strike references to settlement negotiations (*Stryker I & II*, Dkt. Nos. 1189, 295). These motions will be addressed in separate opinions to follow.

duty to defend an insured it becomes liable for the full extent of the judgment against the insured," and that the "insured is not required to prove that the amount of the judgment in excess of the policy limits was caused by the failure of the insurer to provide a reasonable defense . . . ." *Id.* at 624 (internal citations omitted).

On appeal, the Sixth Circuit held that although *Capitol Reproduction* "may have correctly applied Michigan law at the time of the decision, subsequent Michigan decisions have undermined the rationale and holding of the case." *Stryker I* Appeal, 681 F.3d at 814. The Sixth Circuit accordingly reversed this Court's judgment that the aggregate limit of liability of the XL policy does not apply to the judgments in *Stryker I* and *II*, and directed this Court, on remand, to "consider what portion, if any, of the total liability for *Stryker I* and *II* judgments beyond $15 million represents consequential damages as defined under Michigan contract law." *Id.* at 815.

In light of the Sixth Circuit's overruling of *Capitol Reproduction*, XL has requested this Court to issue the following declarations:

(1) XL is entitled to rely on the $2M self-insured retention ("SIR") in XL Policy HFL 004-28-67-00 (the "XL Policy").

(2) XL was not and is not obligated to pay Stryker the first $573,527 in defense costs incurred by Stryker, as well as any penalty interest thereon, because such defense costs come within the $2M SIR.

(3) XL was not and is not obligated to pay Stryker the first $1.4M in settlements of the Uni-Knee claims, as well as penalty interest thereon, because such settlement amounts fall within the remaining $2M SIR after its reduction by the $573,527 in defense costs referred to above.

(4)     The $15M in liability limits of the XL Policy have been exhausted
        based on the Sixth Circuit Amended Opinion holding that different
        amounts paid by XL as part of the $26M settlement with Pfizer could
        properly be used to exhaust limits of liability.

(*Stryker I*, Dkt. No. 1179; *Stryker II*, Dkt. No. 284.)  XL also seeks a declaration that it is entitled to recover $894,555[3] from Stryker as a result of an overpayment in connection with the Pfizer settlement.  (*Id.*)

Plaintiff Stryker and Defendant TIG oppose the motion because:  (1) XL did not appeal the SIR ruling, (2) the Sixth Circuit did not reverse the SIR ruling, (3) XL cannot undo its payment of the SIR in the Pfizer settlement, and (4) the Court is precluded from revisiting its ruling on the SIR.  Stryker and TIG also contend that even if XL is entitled to the benefit of Stryker's SIR, XL is not entitled to recover its payment in excess of its policy limits.

## A.  Whether XL is entitled to the benefit of Stryker's self-insured retention

Stryker and TIG contend that XL is not entitled to the benefit of Stryker's self-insured retention because XL did not appeal the SIR ruling.  In support of this argument, Stryker and TIG note that XL's statement of the issues on appeal failed to mention this Court's SIR ruling.  *See JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008) (noting that a party that fails to appeal an issue waives its right to raise the issue before the district court on remand).

---

[3]At various places in its brief and reply brief, XL refers to the amount of the overpayment as $894,455.

4

XL indicated in its notice of appeal that it was appealing from "any and all prior orders, rulings, and opinions, including, but not limited to" the opinion and order entered on January 4, 2008, and the opinion and order entered on October 7, 2009. (Dkt. No. 1095, XL's Notice of Appeal.) These are the two opinions that contained rulings based on *Capitol Reproduction*. Moreover, the statement of parties and issues that XL filed with the Sixth Circuit indicated that one of the specific issues XL proposed to raise on appeal was "[w]hether the District Court erred in holding that the breach of the duty to defend under the facts of this case precludes application of the Self Insured Retention . . . ." *Stryker I* Appeal, Case No. 09-2332 (6th Cir. 11/3/2009, Civ. App. Statement of Parties and Issues).

Despite these clear indications of XL's intent to appeal the SIR ruling, Stryker and TIG contend that XL waived the SIR issue by failing to challenge the SIR ruling in the statement of issues presented. *See Barrett v. Detroit Heading, LLC*, 311 F. App'x 779, 796 (6th Cir. 2009) (holding that an issue not identified in the statement of issues presented on appeal was waived).

XL presented the following issue on appeal:

2. Assuming XL breached a duty to defend, whether Stryker is entitled to consequential damages **exceeding** contractual limits, where XL's breach did not cause the excess settlement damages and the excess settlements are covered by excess insurance.

*StrykerI* Appeal, XL Opening Br. 5 (emphasis added). In its summary of the argument, XL stated: "Assuming XL breached a duty to defend, the district court erred in awarding Stryker $7.6 million in damages **above** the $15 million limit of the XL policy." *Id*. at 17 (emphasis

5

added). In the body of its argument, XL stated: "Because XL's failure to defend Stryker was not the cause of the **excess** settlement payments made by Stryker, the consequential-damages contract-remedy rule precludes Stryker from recovering damages **in excess of** the $15 million limit prescribed by the XL policy." *Id.* at 24-25 (emphasis added).

The parties disagree as to whether XL's reference to damages "above," or "in excess of" the $15 million contractual limits applied only to amounts XL became liable for after exhausting its $15 million policy limit, or whether it also included XL's liability for the $2 million SIR. Stryker and TIG contend that XL's brief on appeal challenged only the Court's October 7, 2009, excess judgment opinion, and not the January 4, 2008, SIR ruling, because the SIR sits **below** XL's policy limits, as opposed to "above" or "in excess of" those limits. XL contends that it used the terms "excess," and "above" to refer to all damages it was held liable for that were not within the $15 million policy limit.

It is true that XL's statement of the issues in its original brief on appeal did not specifically mention the SIR ruling. However, contrary to Stryker and TIG's assertions, the statement of the issue presented did not specifically limit itself to the October 7, 2009, ruling. Rather, it challenged this Court's entire approach to consequential damages. XL's failure to challenge the SIR ruling as an independent argument does not suggest that XL failed to challenge the SIR ruling. Although there is arguably some ambiguity in XL's use of the terms "above," "exceeding," and "in excess of," it is clear that XL argued on appeal that its liability was limited to the $15 million policy limit, and that it was not responsible for the $2

million SIR. The Court is satisfied that the issue XL presented regarding consequential damages included a challenge to this Court's SIR ruling. XL addressed the SIR ruling as part and parcel of its argument that the consequential-damages contract-remedy rule precludes Stryker from recovering any damages in excess of the $15 million policy limit in the absence of evidence that those damages were proximately caused by the breach of the duty to defend.

Stryker and TIG also contend that even if XL did appeal the SIR ruling, the Sixth Circuit did not reverse or vacate this Court's SIR ruling. The Court does not agree. In the portion of its opinion discussing consequential damages, the Sixth Circuit recognized that "XL's liability to Stryker under the policy is limited to the aggregate limit of liability on occurrences under the XL policy, which is $15 million above the self-insured retention of $2 million." *Stryker I* Appeal, 681 F.3d at 814. The Sixth Circuit further recognized that this Court found that "the self-insured retention and the aggregate limits of liability do not apply to the XL policy, because XL breached its duty to defend Stryker against both the direct claims and the claims in the Pfizer litigation," and that in reaching both conclusions, this Court relied on *Capitol Reproduction*, 800 F.2d at 624. *Stryker I* Appeal, 681 F.3d at 814. Based on its determination that *Capitol Reproduction* is no longer good law, the Sixth Circuit held:

> [W]e reverse the district court's judgment that the aggregate limit of liability of the XL policy does not apply to the judgments in *Stryker I* and *II*. On remand, the district court should consider what portion, if any, of the total liability for *Stryker I* and *II* judgments beyond $15 million represents consequential damages as defined under Michigan contract law.

*Id.* at 815.

Stryker and TIG contend that the Sixth Circuit's failure to reverse the SIR ruling is evidenced by the fact that the Sixth Circuit did not identify the January 4, 2008, SIR as among the "six rulings that are relevant on appeal," *id.* at 810; the fact that it stated that it was reversing the district court's judgment regarding the aggregate limit of liability, but said nothing about the SIR ruling, *id.* at 815; and the fact that the it directed this Court to consider Stryker's liability for judgments "beyond" $15 million (*id.*).

The Sixth Circuit's opinion could have been more precise with respect to the SIR ruling. In their appellate briefs, the parties specifically addressed the issue of whether XL had appealed the SIR ruling. Stryker argued in a footnote that XL had not challenged the district court's holding that XL must pay the SIR, and XL responded that it had. *Stryker I* Appeal, Stryker Br. 40 n.9, XL Reply Br. 27 n.6. The Sixth Circuit did not respond one way or another to this argument in the parties' footnotes. This Court is not inclined to find a waiver of an appellate argument absent an explicit finding of waiver by the Sixth Circuit, especially when waiver was expressly argued to the appellate court.

Moreover, this Court finds that the more reasonable interpretation of the Sixth Circuit's opinion is that both the SIR ruling and the aggregate limit of liability ruling were reversed by the Sixth Circuit. On remand, this Court is "required to 'implement both the letter and the spirit' of the appellate court's mandate, 'taking into account the appellate court's opinion and the circumstances it embraces.'" *Pipefitters Local 636 Ins. Fund v. Blue*

*Cross & Blue Shield of Mich*, 418 F. App'x 430, 434 (6th Cir. 2011) (quoting *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995)). It would not be within the letter and spirit of the Sixth Circuit's opinion to vacate this Court's ruling with respect to the aggregate limit of liability, but not with respect to the SIR. The Sixth Circuit recognized that both the SIR ruling and the aggregate limit of liability rulings relied on *Capitol Reproduction*, and the Sixth Circuit overruled *Capitol Reproduction*'s holding that, in an insurance context, all losses are assumed to be consequential losses, without any demonstration of the connection between the loss and the breach. 681 F.3d at 814-15. The Sixth Circuit vacated this Court's entire approach to both of these rulings, and explicitly directed this Court to consider on remand what portion of XL's total liability beyond $15 million represents consequential damages. Because this Court had assumed, in accordance with *Capitol Reproduction*, that both the SIR and the excess damages above the aggregate limit of liability were consequential damages, this Court finds that a construction of the Sixth Circuit opinion requiring consideration of both of these elements of damages best implements the letter and the spirit of the appellate court's mandate. For all these reasons, this Court finds that the Sixth Circuit reversed this Court's SIR ruling.[4]

Stryker also contends that because XL allocated $2 million of the XL-Pfizer

---

[4]In light of this Court's determination that the SIR ruling was reversed on appeal, the Court need not address the question of whether this Court would be permitted to revisit the SIR ruling if it had not been appealed.

settlement to Stryker's retention, XL cannot now repudiate the settlement on the basis of a later change in the law. Stryker recognizes that XL settled with Pfizer in order to stop the accrual of 12% penalty interest. (Dkt. No. 291, Stryker Br. 12.) XL's settlement with Pfizer was not an admission of liability for the $2 million SIR. Moreover, XL's claim that it is entitled to rely on the $2 million SIR is not an attempt to reclaim any monies it paid Pfizer under the settlement. Accordingly, XL's settlement with Pfizer did not bar XL from appealing this Court's SIR ruling, and it does not preclude XL from relying on the SIR in this action.

Because the Sixth Circuit reversed this Court's SIR ruling, and because Stryker has never contended that the $2 million in damages were proximately caused by XL's breach of the duty to defend, XL is entitled to rely on the $2 million SIR. Certain consequences flow from this Court's conclusion that XL is entitled to rely on Stryker's $2 million SIR. For example, because Stryker is responsible for the first $2 million in defense costs and settlements of the Uni-Knee claims, XL is not responsible for penalty interest on those amounts. In addition, because XL is entitled to rely on the SIR, XL exhausted its policy limits by the amounts it paid in the Pfizer settlement.

## B. Whether XL is entitled to a credit

In its motion for summary judgment, XL also requests a ruling that it is entitled to a credit from Stryker for the amount it paid Pfizer over and above its $15 million policy limits in covered amounts. XL contends that it had no choice but to settle beyond its limits given

the existing rulings that XL was liable for the $17 million judgment rendered against Stryker in New York and that XL could not avail itself of its policy limits. XL contends that now that the Sixth Circuit has reversed the ruling on policy limits, XL should be able to recoup amounts paid in excess of its policy limits. In support of this request, XL relies on cases holding that a payment made by an insurer under a mistake of material fact may be recovered. *See Couper v. Metro. Life Ins. Co.*, 250 Mich. 540, 544 (1930); *Auto-Owners Ins. Co v. Fabian*, No. 213706, 2000 WL 33529723, at *1-3 (Mich. Ct. App Feb. 25, 2000).

XL is not entitled to recoup the overpayment from Stryker. An insurer is not entitled to recoup from its insured a voluntary overpayment that the insurer made to a third party to settle a judgment against the insured. *See U.S. Fid. v. U.S. Sports Specialty*, 270 P.3d 464, 471 (Utah 2012) ("[T]here can be no extracontractual right to restitution between the insurer and its insured, and only the express terms of a policy create an enforceable right to reimbursement."). Moreover, in settling with Pfizer, XL did not rely on a mistake of fact. XL relied on a Court ruling on policy limits that it believed to be erroneous, and that it ultimately was able to get reversed. Until that policy limits ruling was reversed, XL was incurring steep interest penalties. XL made a strategic decision to settle with Pfizer rather than face the risk of even higher interest penalties in the event the policy limits ruling was affirmed.

With respect to XL's contention in its reply brief that it is entitled to recoup the overpayment from TIG, the Court will deny this request without prejudice. This issue is not

11

ripe for summary judgment because it was not raised in XL's motion for summary judgment.

## II.

In conclusion, the Court will grant XL's request for summary judgment on its claim that it is entitled to rely on Stryker's SIR, deny XL's request for summary judgment on its claim for recovery of an overpayment from Stryker, and deny without prejudice XL's request for summary judgment on its claim for recovery of an overpayment from TIG.

An order consistent with this opinion will be entered.


Date: <u>February 8, 2013</u>                    <u>/s/ Robert Holmes Bell</u>
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE