UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, *et al.*,

    Plaintiffs,

v.                                                       File No. 4:01-CV-157

XL INSURANCE AMERICA, INC.,

    Defendant.

                                                                HON. ROBERT HOLMES BELL

and

STRYKER CORPORATION, *et al.*,

    Plaintiffs,

v.                                                      File No. 1:05-CV-51

XL INSURANCE AMERICA, INC. and
TIG INSURANCE COMPANY,

    Defendants.
_____/

## **O P I N I O N**

    These two related insurance coverage actions are before the Court on remand from the Sixth Circuit Court of appeals.[1] Presently before the Court is a motion for partial

---

[1] In this opinion the Court will refer to *Stryker Corp v. XL Insurance America, Inc.*, Case No. 4:01-CV-157, as *Stryker I*, and to *Stryker Corp. v. National Union Fire Insurance Co. of Pittsburgh, PA*, Case No. 1:05-CV-51, as *Stryker II*. The Court will refer to the appeal of *Stryker I*, *Stryker Corp. v. XL Insurance America*, 681 F.3d 806 (6th Cir. 2012), as *Stryker I* Appeal, and to the appeal of *Stryker II*, *Stryker Corp. v. National Union Fire Insurance Co. of Pittsburgh, PA*, 681 F.3d 819 (6th Cir. 2012), as *Stryker II* Appeal.

summary judgment filed by Plaintiffs Stryker Corporation and Howmedica Osteonics Corp. (collectively referred to as "Stryker") against Defendant XL Insurance America, Inc. ("XL") on the issue of penalty interest. (*Stryker I,* Dkt. No. 1180; *Stryker II*, Dkt. No. 285.) Stryker seeks an order requiring XL to pay Stryker $5,856,405 in penalty interest pursuant to Mich. Comp. Laws § 500.2006. For the reasons that follow, the motion will be granted in part and denied in part.

I.

Stryker had a commercial general liability insurance policy with XL for the policy year 2000. The XL policy provided coverage for claims made against Stryker in connection with failures of Duracon Uni-Knees. *Stryker I* Appeal, 681 F.3d at 813. Numerous claims were filed against both Stryker and Pfizer in connection with Uni-Knee failures. This Court held that XL was liable for both the direct claims against Stryker and for the claims against Pfizer that Stryker was obligated to reimburse. Stryker settled the direct claims against it for $7,620,731. (*Stryker I*, Dkt. No. 1124, Am. J.) On February 9, 2009, XL entered into a settlement with Pfizer, under which it agreed to pay $26 million to settle all of Stryker's liability to Pfizer. (*Stryker I*, Dkt. No. 1154, Ex. F, Allocation of Settlement Payments.)

On appeal, the Sixth Circuit affirmed this Court's determination that the XL policy provided coverage for the claims made against Stryker in connection with Uni-Knees, and held that the Pfizer settlement could be used to exhaust the XL policy before considering the *Stryker I* judgment. 681 F.3d at 813-14. The Sixth Circuit affirmed the award of pre-

judgment penalty interest, and the methodology used by this Court in calculating pre-judgment interest. *Id.* at 817-18. However, the Sixth Circuit reversed this Court's determination on consequential damages and its determination as to what portions of the Pfizer settlement should count against the limits of the XL policy. *Id.* at 815-16. The Sixth Circuit accordingly remanded this case for (1) a determination of what portion, if any, of the total liability for the *Stryker I* and *II* judgments beyond $15 million represents consequential damages, and (2) a recalculation of the pre-judgment penalty interest award based on the total amount for which XL is actually liable to Stryker. *Id.*

On August 30, 2012, pursuant to the Sixth Circuit's opinion, XL paid Stryker $5,709,347.26 toward unpaid defense costs, and $5,733,248.30 for pre-judgment penalty interest on those defense costs. (*Stryker II*, Dkt. No. 286, Ex. C.) XL did not pay defense costs or interest thereon that were associated with the self-insured retention ("SIR"). *Id.*

Following remand, this Court held that XL is entitled to rely on the $2 million SIR and that XL exhausted its $15 million policy limits by paying the Pfizer settlement. (*Stryker I*, Dkt. Nos. 1198, 1199, 02/08/2013 Op. & Order.)[2]

## II.

In its motion for partial summary judgment, Stryker seeks penalty interest on

---

[2] Because *Stryker I* and *Stryker II* were consolidated and all parties were given an opportunity to oppose or support any motion filed in either case, (*Stryker I*, Dkt. No. 1167, Order of Consolidation), the Court's ruling on the SIR applies to all parties. (*See also Stryker II*, Dkt. Nos. 273, 304, 305.)

3

approximately $7.6 million in settlements: $6.5 million accruing until February 2, 2009, and $1.1 million accruing until October 7, 2009. Some of these settlements, however, fell within Stryker's SIR. After Stryker's motion for partial summary judgment on the issue of penalty interest was filed, this Court determined that XL is entitled to the benefit of the SIR. (*Stryker II*, Dkt. No. 305, 02/08/2013 Order.) In light of that determination, XL is not liable for penalty interest before December 2001(when the SIR was satisfied) or after February 2009 (when XL exhausted its policy limits by paying the Pfizer settlement).[3] Accordingly, to the extent Stryker seeks penalty interest on settlement amounts falling within the SIR, Stryker's motion is denied.

Approximately $1.4 million in Stryker settlements fall within Stryker's $2 million SIR. When this $1.4 million is deducted from the $7.6 million in settlements paid by Stryker, it leaves $6.2 million in settlement payments on which penalty interest can arguably be imposed. According to XL, the penalty interest on $6.2 million is approximately $4.525 million. Stryker agrees with XL that if the retention does apply, the amount of penalty interest at issue is $4,524,733. (*Stryker I*, Dkt. No. 1196, Stryker Reply Br. 4 n.3; *Stryker I*, Dkt. No. 1186, Finsness Decl. Ex. A ($5,856,405.28 - $1,331,672.00 = $4,524,733.28).)

The remainder of this opinion will address XL's liability for penalty interest on only

---

[3]Stryker concedes that if the Court rules that XL is entitled to rely on Stryker's SIR, "XL will not be liable for penalty interest before the retention was satisfied (in December 2001) or after the date of the Pfizer payment (February 2, 2009), because that would be the date on which XL exhausted its policy limits." (*Stryker II*, Dkt. No. 297, Pl. Reply Br. 4.)

4

the $6.2 million in settlement amounts that do not fall within the SIR.

**A. PENALTY INTEREST ON SETTLEMENTS IN EXCESS OF POLICY LIMITS**

In the judgment dated September 16, 2010, this Court awarded pre-judgment penalty interest pursuant to § 500.2006 on Stryker's defense costs and on Stryker's settlement payments. (*Stryker I*, Dkt. No. 1133, Second Am. Final J.) XL has paid pre-judgment penalty interest on Stryker's defense costs, but not on Stryker's settlement payments. XL contends that it exhausted its $15 million policy limit by paying the Pfizer settlement and that no penalty interest can be imposed on amounts falling outside the $15 million policy limit. Stryker contends that despite the Pfizer settlement, XL is still liable for penalty interest on the amounts it refused to pay Stryker prior to paying the Pfizer settlement.

Section 2006(4) provides that "if the loss exceeds the limits of insurance coverage available, interest shall be payable based upon the limits of insurance coverage rather than the amount of the loss." XL points out that on appeal the Sixth Circuit interpreted § 2006(4) to mean that "the insurer is subject to pre-judgment interest on the amount it actually has to pay to the insured." 681 F.3d at 818. The Sixth Circuit further held that, "to the extent that there are amounts that the insurer is not liable to pay because they are beyond the limits of liability, those amounts are not subject to pre-judgment interest." *Id.* at 818.

On appeal, the Sixth Circuit did not reverse this Court's determination that Stryker was entitled to an award of pre-judgment interest on its settlements. In fact, it affirmed this Court's judgment with regard to XL's liability for Stryker's claims and the interest

5

calculations. *Id. at* 808. The Sixth Circuit merely required this Court to recalculate the pre-judgment award "based on the total amount for which XL is actually liable to Stryker, including any defense costs and consequential damages." *Id.* at 818.

XL contends because it fully exhausted its policy limits when it settled with Pfizer, the $6.2 million in settlements paid by Stryker are "beyond the limits of liability" and are not subject to pre-judgment interest.

This Court previously ruled that even if the Pfizer Settlement exhausts the policy limits, Stryker is still entitled to penalty interest on Stryker's settlements accruing to the date that XL paid Pfizer:

> Assuming *arguendo* that Defendant's policy limit is $15 million, and that the Pfizer Settlement partially exhausts the limits of the insurance policy, at best Defendant would be entitled to restrict Plaintiffs' recovery of interest on the judgment *after* Defendant entered into that settlement. In other words, **Plaintiffs would still be entitled to recovery of interest under §500.2006 on the damages awarded in this matter from the time that interest would otherwise begin to run under §500.2006 until the time that Defendant paid the Pfizer settlement.**

(*Stryker I*, Dkt. No. 1122, 06/24/2010 Op. 12) (emphasis added) (footnote omitted). XL contends that the Sixth Circuit overruled this Court's previous ruling with respect to penalty interest and provided explicit directions limiting the scope of the penalty interest recalculation.

This Court disagrees. This Court's prior ruling regarding penalty interest on Stryker's settlements was not disturbed on appeal. On appeal, XL challenged this Court's award of amounts above XL's policy limits, but did not challenge this Court's ruling that, even if XL

6

was not liable for amounts in excess of its limits, it was still liable for penalty interest accruing to the date that XL made payment under its policy.

Moreover, the Sixth Circuit's opinion did not disturb this Court's ruling with respect to pre-judgment interest on settlement payments Stryker made prior to the Pfizer settlement. The Sixth Circuit directed this Court to impose penalty interest on the total amount for which XL is "actually liable." *Stryker I* Appeal, 681 F.3d at 818. Prior to paying the Pfizer settlement, Stryker's settlements were within XL's policy limits. It was only after XL paid the Pfizer settlement that Stryker's settlements were no longer within XL's policy limits. The Court accordingly concludes that XL was actually liable for Stryker's settlements and was liable for penalty interest on those settlements until XL paid out the policy limits with the Pfizer settlement. Only after XL paid the Pfizer settlement and met its policy limits did XL cease to be liable for any additional penalty interest that might accrue on Stryker's settlements.

XL paid nothing on its policy for nearly nine years after it first received notice of Stryker's claim. XL should not be excused from paying penalty interest on Stryker's settlements: the XL policy covers those settlements and XL wrongfully delayed paying any benefits to Stryker for nearly a decade.

As this Court noted in its June 24, 2010, opinion, not holding XL liable for penalty interest on Stryker's settlements, "would absolve Defendant of its liability for interest for the entire time that it delayed payment of benefits under the policy, and would thwart the purpose

7

of § 500.2006, which is to encourage prompt payment of claims." (*Stryker I*, Dkt. No. 1122, 06/24/2010 Op. 12.) It would also undermine the other purpose of Mich. Comp. Laws §500.2006, which is "to penalize dilatory action on the part of insurers." (*Stryker I*, Dkt. #1122, 06/24/2010 Op. 5.) Accordingly, the Court concludes that XL is liable for penalty interest on Stryker's settlements until the date of the Pfizer payment, February 2, 2009.

## B. OFFSET FOR THE INTEREST PAID TO PFIZER

XL contends that if Stryker is entitled to pre-judgment interest on the Stryker settlements pursuant to Mich. Comp. Laws § 500.2006(4), XL is entitled to a mandatory offset of more than $8.5 million against Stryker's claim based on the amount of pre-judgment interest XL paid as part of its settlement with Pfizer. Stryker contends that XL is not entitled to an offset because an offset would contradict the language and purpose of the penalty interest statute. The Court agrees.

> The penalty interest statute provides in pertinent part:
>
> If benefits are not paid on a timely basis the benefits paid shall bear simple interest . . . at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. . . . Interest paid pursuant to this section shall be offset by any award of interest that is payable by the insurer pursuant to the award.

M.C.L. § 500.2006(4). "The statute is intended to provide a penalty to be assessed against recalcitrant insurers who procrastinate or are dilatory in paying meritorious claims in bad faith. . . . As a penalty, the statute is to be strictly construed." *McCahill v. Commercial Union Ins. Co.*, 446 N.W.2d 579, 587 (Mich. Ct. App. 1989).

8

The "primary goal of statutory construction is to effectuate the Legislature's intent." *Apsey v. Mem'l Hosp.*, 730 N.W.2d 695, 699 (Mich. 2007). "Whenever possible, every word of a statute should be given meaning. And no word should be treated as surplusage or made nugatory." *Id.*

XL seeks to offset the penalty interest it owes to Stryker by the interest it paid to Pfizer. XL's proposed application of the offset provision does not give effect to all of the words of § 500.2006. The mandatory offset provision in § 500.2006 does not require that penalty interest be offset by "any" other award of interest. It is limited by its terms to interest that it payable pursuant to "the award." *Id.* Assuming the Pfizer settlement is "an award," it is not "the award" that generated the penalty interest. The penalty interest was generated by Stryker's own settlements with Uni-Knee claimants, not by the Pfizer judgment or the Pfizer settlement.[4] Accordingly, the interest paid in conjunction with the Pfizer settlement is not "interest that is payable by the insurer pursuant to the award," as required by § 500.2006(4).

The statute provides that if benefits are not paid on a timely basis the benefits paid "shall" include interest at 12%. Mich. Comp. Laws § 500.2006(4). As this Court previously held, the amounts XL paid to Pfizer are not subject to penalty interest. (*Stryker II*, Dkt. No. 239, 09/30/10 Op. 4-5.) Accordingly, allowing an offset under the circumstances of this case would exempt XL from paying any penalty interest at all. Moreover, allowing an offset in this case would deny Stryker its right to penalty interest under the statute. XL

---

[4]This Court specifically held in *Stryker II*, that Stryker was not entitled to penalty interest under § 500.2006 on the Pfizer judgment. (Stryker II, Dkt. No. 239, 09/30/2010 Op. 4-5.)

settled directly with Pfizer, so the interest paid to Pfizer was not paid to Stryker despite the fact that XL withheld payment for almost ten years. As this Court previously noted, "[i]t would undermine the purpose of § 500.2006(4) to promote timely payment of claims if an insurer could, after its insured has paid the third party's claims, continue to delay payment to its insured and . . . be exempt entirely from a claim for interest by its insured." (*Stryker I*, Dkt. No. 1122, 06/24/2010 Op. 21-22 (emphasis omitted).)

XL has cited no authority to support its request to offset the interest paid to a third party against the penalty interest owed to its insured.[5] Because XL has not met its burden of proof, XL's request for an offset will be denied.

### III.

In conclusion, Stryker is entitled to pre-judgment penalty interest on settlements, except those that are covered by the SIR, and XL is not entitled to an offset for interest paid in the Pfizer settlement. The Court will enter a declaration that Stryker is entitled to penalty interest in the amount of $4,524,733.28.

An order consistent with this opinion will be entered.

Dated: March 22, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

---

[5] The amount of the offset claimed by XL is also excessive. Although the interest rate paid to Pfizer (9%) is less than the penalty interest rate (12%) owed to Stryker, XL claims that it is entitled to an offset of $8.5 million, well in excess of the penalty interest sought by Stryker. The reason for this discrepancy is that Stryker's claim is based only on its own settlements ($6.2 million, or $7.6 million before the SIR is considered), while XL's claim is based on a larger principal which included Pfizer's greater settlements ($12.8 million), Pfizer's defense costs ($1.1 million), and Pfizer's attorney's fees ($3.1 million).

10