UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| STRYKER CORPORATION, et al., | |
| Plaintiffs, | Case No. 4:01-cv-157 |
| v. | Honorable Robert Holmes Bell |
| XL INSURANCE AMERICA, INC., | |
| Defendant. | |
| STRYKER CORPORATION, et al., | |
| Plaintiffs, | Case No. 1:05-cv-51 |
| v. | |
| XL INSURANCE AMERICA, INC., and TIG INSURANCE COMPANY, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

In these consolidated cases, District Judge Robert Holmes Bell directed the parties to meet with me to determine whether there are any additional issues in *Stryker v. XL Insurance America, Inc.*, case no. 4:01-cv-157 (Stryker I), that must be resolved before entry of a final judgment. Pursuant to Judge Bell's order, I conducted a telephone conference with counsel on April 2, 2013. During the conference, counsel for one party indicated a desire to have a more formal conference. I therefore set the matter for an in-court status conference on April 19, 2013, and directed the parties to file a joint status report. The parties filed a 22-page report (docket # 1206)

disclosing fundamental disagreement concerning the issues that remain for resolution in Stryker I. Thus, what appeared to be a simple scheduling matter has metamorphosized into another rancorous disagreement among the parties, this time concerning the issues that are or are not comprehended in Stryker I.

To resolve this question, it is necessary to realize that this court entered a final judgment in Stryker I, after conducting a bench trial and other protracted proceedings, on October 7, 2009. (Final Judgment, docket # 1094). The final judgment awarded plaintiffs $13.9 million, plus interest, against XL Insurance America, Inc., the only named defendant in Stryker I. The final judgment resolved all issues comprehended in the pleadings filed by plaintiffs or defendant XLIA. On appeal, a panel of the Sixth Circuit Court of Appeals issued an opinion on June 5, 2012, affirming in part and reversing in part the final judgment of the district court. The matter was remanded for further proceedings consistent with the appellate opinion. *Stryker Corp. v. XL Ins. Am.*, 681 F.3d 806 (6th Cir. 2012). After remand, Judge Bell entered two opinions resolving issues flowing from the Court of Appeals decision and mandate. After having done so, Judge Bell directed me to meet with the parties to identify any open issues, the exercise which gives rise to this report and recommendation.

The joint status report addresses four possible issues remaining unresolved in Stryker I. They agreed that the first issue is properly before the court. They vehemently disagree as to the propriety of addressing issues 2 and 3 in the present litigation, and they agree that issue 4 presents nothing for decision at this time.

**Stryker I**

1. <u>Assessment of Pre-Judgment Interest</u>. This court's opinion and order of March 22, 2013, awarded Stryker penalty interest in the amount of $4.5 million. Stryker claims entitlement to pre-judgment interest on this award from February 2, 2009, to October 7, 2009 (the date of the entry of final judgment). Stryker calculates interest due at $75,563.54. XL, while disputing its liability, does not dispute the calculation. Stryker has now filed a motion to assess $75,563.54 in pre-judgment interest, which XLIA will not oppose.

2. <u>Motion to Add TIG as a Party</u>. After remand, plaintiffs moved to consolidate these cases and to join defendant TIG (who is a defendant only in case no. 1:05-cv-151) as a party defendant in Stryker I. The court granted the motion to consolidate but took under advisement the request to add TIG as a party defendant in case no. 4:01-cv-157. I now recommend that the motion to add TIG as a party be denied.

Stryker filed this lawsuit in the year 2001. Four years later, it filed a separate lawsuit, naming TIG as a defendant. At no time before the entry of final judgment in this action did Stryker seek to make TIG a party to Stryker I. Although it is possible to add parties after the entry of final judgment, amendment of the complaint would obviously be required. The time for amendment of pleadings and joinder of parties under the case management orders has long passed in all these cases. A party seeking to amend the pleadings or join additional defendants after the expiration of the time allowed in the case management order must show good cause to support such a request. FED. R. CIV. P. 16(b)(4); *see Marcilis v. Township of Redford*, 693 F.3d 589, 597 (6th Cir. 2012). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet

the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Another relevant consideration is possible prejudice to the party opposing the modification. *See Marcilis*, 693 F.3d at 597; *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Both XLIA and TIG oppose the motion to add TIG as a party to Stryker I. The Court of Appeals has already ruled that TIG is not directly bound by the result in Stryker I, because it was not a party to that case. *Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 681 F.3d 819, 824-25 (6th Cir. 2012).[1] The confusion that would be caused by adding TIG to this case after the entry of final judgment should be manifest, as would be the prejudice to TIG, which objects to being bound to decisions made in a decade of litigation to which it was not a party. As a result of the court's order of consolidation, all rulings made by the court after October 15, 2012, are certainly binding on TIG. (*See* Opinion, docket # 1201, fn. 2). That legitimate goal has already been accomplished. Only confusion will be wrought by adding TIG to Stryker I after judgment. In any event, Stryker has not shown good cause for its failure to seek to amend pleadings or join parties within the time allowed by the case management orders, or, indeed, before the entry of a final judgment in this case.

3. <u>New Claim for Consequential Damages Against XL</u>. The principal bone of contention among the parties concerns Stryker's efforts to inject into this case, after appellate remand, claims for consequential damages and for bad faith against XL, arising from XL's decision

---

[1] TIG is, however, bound by the unappealed rulings of the court in Stryker III. *See* 681 F.3d at 824. And, the Court of Appeals made it clear that the district court's rulings on interpretation of the XLIA policy, which are matters of law in the absence of ambiguity, should generally remain unchanged in Stryker II. *Id.* at 825-26 n.4.

-4-

to settle the Pfizer claim in February 2009. Stryker argues that XL's decision to satisfy the Pfizer judgment was wrongful and exposes XLIA to liability, but only if the court rejects Stryker's claims against TIG in the companion case. Stryker itself asserts that this new claim against XLIA "has not yet arisen, and it may never arise." (Joint Status Report at 4, docket # 1206). Stryker suggests that proceedings in Stryker I be stayed until all issues in Stryker II have been decided and appealed. XLIA predictably raises numerous objections to the court's consideration of the consequential damages/bad faith claim in Stryker I.

The issue referred to me by Judge Bell was not to determine the merits of any claim, but merely to decide whether the claim is properly before the court in Stryker I. I therefore recommend that plaintiffs' efforts to inject these new claims into this case be denied on the most basic level -- these claims are not now part of this case, and never were. Stryker's original complaint, filed in October of 2001, obviously did not assert claims against XLIA arising from XLIA's settlement of the Pfizer litigation in 2009. Stryker's amended complaint (docket # 39) filed in April of 2002, likewise did not comprehend this claim. This claim accrued, at the very earliest, in January 2009, when a two-day settlement conference resulted in a settlement in principle between XLIA and Pfizer with regard to XLIA's obligation to satisfy the judgment entered against Stryker in favor of Pfizer in the Southern District of New York. By that time, Judge Bell had already conducted a five-day bench trial and had ruled on many of the principal issues in the case. If Stryker had wished to litigate claims arising from the Pfizer settlement, those claims could only have been raised by a supplemental complaint under Fed. R. Civ. P. 15(d), as such claims clearly arose "after the date of the pleading to be supplemented." Stryker, however, did not seek to supplement its pleadings, and final judgment was entered later in the year 2009. Stryker has never attempted to

show good cause for its failure to do so. Laying aside the merits of Stryker's claims for consequential damages or bad faith settlement arising out of the 2009 transaction with Pfizer, it is inarguable that those claims were ever part of this litigation before the entry of final judgment.

For present purposes, I recommend that the court determine that Stryker's contingent claim for consequential damages/bad faith settlement is not before the court in Stryker I and should not delay the entry of final judgment.[2]

    4.    <u>Motion to Execute on Supersedeas Bond</u>

Shortly after remand, Stryker moved to execute on XL's supersedeas bond. (Motion, docket # 1145). Subsequent events have apparently made such relief unnecessary, at least at present. Stryker has withdrawn its motion, without prejudice. (Joint Status Report at 4).

**Stryker II**

Although the court's order of March 22, 2013, did not seek information concerning the status of Stryker II, the parties agree that the next logical order of business for the court is to determine Stryker's motion for summary judgment against TIG. (Motion, docket # 261). That motion has been fully briefed. Counsel for TIG has stated, more than once, their desire to have oral argument on the issues presented in the motion.

---

[2] By Stryker's own description of these claims, they will ripen only if and when the court rules in favor of TIG on Stryker's claims against TIG under its excess policy. If that contingency occurs, Stryker may file a new lawsuit against XL. Arguments concerning claim preclusion, splitting causes of action, waiver, and the like can be decided in that context and are now not properly before the court.

**Recommended Disposition**

I recommend that in Stryker I:

(a) the court enter a final and appealable judgment in favor of plaintiffs and against XLIA, incorporating its two post-remand orders (docket #s 1199, 1202) plus the award of pre-judgment interest sought in plaintiffs' unopposed motion. (docket # 1208); and

(b) the court determine that no other issues remain outstanding.


Dated: April 22, 2013  /s/ Joseph G. Scoville
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).