UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, *et al.*,

    Plaintiffs,

v.

XL INSURANCE AMERICA, INC. and
TIG INSURANCE COMPANY,

    Defendants.
_____/

HON. ROBERT HOLMES BELL

File No. 1:05-CV-51

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Stryker Corporation's objections to the Magistrate Judge's October 7, 2013, order denying Stryker's motion to file a supplemental complaint against Defendant XL Insurance America, Inc. ("XL"). (Dkt. No. 361, Order; Dkt. No. 367, Obj.)

This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Findings of fact are reviewed under the "clearly erroneous" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

"'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum* Co., 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact simply because this Court would have decided the case differently. *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Legal conclusions are reviewed under the "contrary to law" standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686). The standard of review for legal conclusions is *de novo*. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001).

Stryker's proposed supplemental complaint contains two new claims against XL for bad faith and promissory estoppel arising out of XL's decision in 2009 to satisfy the Pfizer judgment before reimbursing Stryker for the $7.6 million Stryker paid to settle the direct UNI-Knee claims against it. Both claims are contingent on a final judgment that TIG is not responsible for Stryker's direct claims.

Stryker asserts that the Magistrate Judge's ruling that Stryker should file a new suit against XL as opposed to litigating all remaining issues in this case is contrary to law. Specifically, Stryker contends that the ruling is contrary to Rules 15(d) and 18(b) of the

2

Federal Rules of Civil Procedure because Rule 15(d) allows a party to supplement its pleadings based on events occurring after the date of the original pleading, and Rule 18(b) allows a party to assert contingent claims. Stryker also contends that considering these claims in this case would be more efficient for all parties and for the Court. XL has filed a memorandum in opposition to Stryker's objection. (Dkt. No. 370.)

The Magistrate Judge recognized his authority under Rules 15 and 18 to allow amendment to add new and contingent claims. However, he noted that XL has already satisfied the judgment against it in this case, and he determined that allowing the amendment would not promote fairness to the litigants or the orderly disposition and management of the litigation. (Maj. J. Op. 11-12.)

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A motion to supplement a complaint under Rule 15(d) is a matter properly left to the discretion of the court. *Hoffman v. Solis*, 636 F.3d 262, 272 (6th Cir. 2011). The Magistrate Judge did not abuse his discretion in denying Stryker's motion to supplement. Moreover, this Court agrees with the Magistrate Judge, for the reasons stated in the Magistrate Judge's opinion, that amendment of the complaint to add new claims against XL would not be in the interests of justice. Stryker has identified no legal error in the Magistrate Judge's opinion. Accordingly,

**IT IS HEREBY ORDERED** that Stryker's objections to the Magistrate Judge's October 7, 2013, order denying Stryker's motion to file a supplemental complaint against XL (Dkt. No. 367, Obj.) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's October 7, 2013, order denying Stryker's motion to file a supplemental complaint against XL (Dkt. No. 361) IS **AFFIRMED**.

Dated: December 20, 2013  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

4