UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

    Plaintiff,

v.

TIG INSURANCE COMPANY,

    Defendant.
                                     /

File No. 1:05-CV-51

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Defendant TIG Insurance Company's objections to the Magistrate Judge's January 15, 2014, opinion and order regarding TIG's motion for protective order. (Dkt. No. 403, Obj.; Dkt. Nos. 393, 394, Op. & Order.) Stryker filed a brief in opposition to TIG's objections on February 12, 2013. (Dkt. No. 409.) For the reasons that follow, the Court affirms the Magistrate Judge's order.

## I.

TIG's motion for a protective order sought an order limiting the scope of Stryker's discovery. TIG's motion was based on its contention that it should not be required to submit to discovery on issues that were resolved in this Court's June 27, 2013, opinion and order. (Dkt. No. 380, 381, Mot. & Mem.; Dkt. Nos. 327, 328, Op. & Order.) The Magistrate Judge denied TIG's motion based on his determination that this Court, in denying Stryker's affirmative motion for summary judgment, did not preclude further exploration and litigation

of the issues on which Stryker bears the burden, but merely decided that the case must proceed to the next step, which is discovery. (Dkt. No. 393, Mag. J. Op. at 5.)

TIG has raised three objections to the Magistrate Judge's order:

(i) it fails to utilize the correct "exceptional circumstances" standard for a court's reversal of issues it previously decided; (ii) it inappropriately raises and erroneously applies a "latent ambiguity" argument (not raised by Stryker) as justification for Stryker's broad-scale discovery efforts; and [iii] it incorrectly states that the June 27, 2013 Opinion on Stryker's summary judgment motion was limited to addressing the core issue of "[w]hether TIG had any defenses at all to Stryker's claim under the excess policy."

(Dkt. No. 403, TIG Br. at 3-4.) TIG requests this Court to set aside the Magistrate Judge's order and to enter an order limiting all further discovery in this case to the promissory estoppel issue raised in Stryker's Supplemental Complaint. (Dkt. No. 403, TIG Br. at 10.)

**II.**

This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.") Findings of fact are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact simply because this Court would have decided the case differently. *Easley v. Cromartie* 532 U.S. 234, 242 (2001). Legal conclusions, on the other hand, are reviewed de novo. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686).

### III.

TIG's first and third objections are based on its contention that the Magistrate Judge failed to properly apply the law of the case doctrine to this Court's June 2013, opinion, and was "plainly wrong" in his conclusion that the June 2013 opinion was limited in scope to the "core issue" of "whether TIG had any defenses at all to Stryker's claims under the excess policy." (Dkt. No. 403, TIG Br. 4-5, 8-9.) TIG contends that, contrary to the Magistrate Judge's findings, this Court made findings that significantly narrowed the issues in this case.

This Court's June 2013 opinion was directed at Stryker's affirmative motion for summary judgment. (Dkt. No. 327, Op. at 3, 8.) Stryker had argued in that motion that it was entitled to judgment on its claim for coverage under TIG's excess policy because TIG had no defenses to coverage. Stryker's motion was filed before discovery had been undertaken. In denying Stryker's motion, it was not this Court's intention to make any

3

rulings on the merits of Stryker's claims or TIG's defenses, but merely to deny Stryker's motion for affirmative relief because there were issues for trial. That is why the Court made an effort to express its conclusions in the negative: "The Court cannot find, as a matter of law, that TIG does not have any defenses that are unique to its policy." (Dkt. No. 327, Op. at 10); "The Court cannot find, as a matter of law, that it is unreasonable or absurd to apply a 'consent to settle' requirement to settlements entered into before the underlying policy limits have been exhausted." (*Id.* at 14); "The Court also disagrees with Stryker's contention that TIG has conceded that the provisions is unreasonable or absurd." (*Id.*); "Movants are not entitled to a ruling that TIG waived the 'consent to settle' defense by failing to give notice." (*Id*. at 15.) "Because TIG arguably has defenses to coverage that are unavailable to XL, XL's denial of coverage does not automatically release Stryker from the 'consent to settle' requirement." (*Id*. at 16.) In light of the limited purpose of the June 2013 opinion, the Magistrate Judge correctly determined that the June 2013 opinion should not be construed to limit the scope of discovery.

TIG also contends that the Magistrate Judge's "invention, on Stryker's behalf, of a potential latent ambiguity argument in order to defend Stryker's broad-scale discovery of extrinsic evidence was not only wholly unjustified, but also was beyond the Court's role." (TIG Br. 8.)

Contrary to TIG's assertions, the R&R does not suggest impartiality on the part of the Magistrate Judge. The issue of latent ambiguity was not "invented" by the Magistrate Judge. It was raised by Stryker in response to TIG's motion for protective order. (Dkt. No. 391,

4

Stryker Resp. 15 ("Plaintiffs should not be handcuffed in discovering what TIG knew, when TIG knew it, what TIG did or did not do, how TIG construed its own policy, whether there are latent ambiguities, etc.").) The Magistrate Judge properly determined that latent ambiguity was a proper subject of discovery.

TIG has not shown that the Magistrate Judge's resolution of its motion for protective order was "clearly erroneous" or "contrary to law." Accordingly, the Magistrate Judge's January 15, 2014, opinion and order denying TIG's motion for protective order (Dkt. Nos. 393, 394, Op. & Order) will be affirmed.

An order consistent with this opinion will be entered.


Dated: April 1, 2014                                   /s/ Robert Holmes Bell
                                                                               ROBERT HOLMES BELL
                                                                               UNITED STATES DISTRICT JUDGE