UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

      Plaintiffs,

v.

XL INSURANCE COMPANY, INC.,
f/k/a Winterthur International America
Insurance company, and TIG INSURANCE
COMPANY,

      Defendants.
_____/

Case No.  1:05-CV-51

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Defendant TIG Insurance Company's objections to the Magistrate Judge's order denying TIG's emergency motion to amend case management order ("CMO"), and on TIG's emergency motion for a ruling on its objections.  (ECF Nos. 484, 493.)

**I.**

This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the

determination, but under a limited standard of review.") Findings of fact are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact simply because this Court would have decided the case differently. *Easley v. Cromartie* 532 U.S. 234, 242 (2001). Legal conclusions, on the other hand, are reviewed de novo. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686).

The magistrate judges of this district have been empowered to perform all duties authorized by 28 U.S.C. § 636, including the power to "hear and determine any procedural or discovery motion or other pretrial matter in a case." W.D. Mich. LCivR 72.1. Given the magistrate judges' primary role in managing pretrial issues, this Court reviews their discovery and case management decisions with great deference.

The Federal Rules of Civil Procedure provide that a case management order "may be

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court asked to modify a scheduling order for good cause 'may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). Another relevant consideration whether the party opposing the modification will suffer prejudice. *Id.*

## II.

On June 23, 2014, Magistrate Judge Joseph G. Scoville issued an order denying TIG's motion to amend the case management order to permit an additional seven months of discovery. (ECF No. 476.) The Magistrate Judge found that "the eleven months allowed for discovery in this phase of the case was adequate and that defendant has not shown an inability to abide by the guidelines in the case management order in the exercise of diligence." (*Id.*)

TIG contends that the Magistrate Judge's denial of its motion to amend the case management order is clearly erroneous because, in ruling that TIG had not shown good cause for its inability to meet the CMO's deadlines, the Magistrate Judge failed to address two issues that have arisen during discovery that were not reasonably anticipated at the time the last CMO was entered. TIG identifies these issues as:

> (i) Whether Stryker breached a condition to coverage by failing to timely inform TIG of the extent of its potential liability arising from the DUK Claims (and, in particular, its decision contrary to the Purchase Agreement to refuse to indemnify Pfizer for the Post-Closing Claims); and

3

> (ii) Whether TIG is estopped from asserting that the Direct DUK Claims at issue do not constitute Ultimate Net Loss because TIG's silence, during the period of time when Stryker was settling the Direct DUK Claims, led Stryker to believe TIG had no coverage issues with respect to the settlements.

(TIG Obj. 5-6, ECF No. 484.)

TIG's assertion that the Magistrate Judge failed to consider the issues is not well-taken. The issue of TIG's potential liability in light of Stryker's waiver of warranties in the Asset Purchase Agreement was addressed at length on the record at the hearing on TIG's motion to amend the CMO. (ECF No. 480, Tr. of 06/09/2014 Hr'g at 8-18, 26-27, 31-36.) The Magistrate Judge noted that TIG was in possession of the Asset Purchase Agreement at least as early as 2005, and he rejected TIG's assertion that it was not motivated to consider this information as it related to potential defenses prior to 2013. (Tr. 17, 32-35.) The fact that the Magistrate Judge was not persuaded by TIG's argument is not an indication that he failed to consider the argument.

Moreover, to the extent TIG's failure to inform/cooperate defense concerns not the warranty waiver but Stryker's failure to notify TIG of the Pfizer claim and its rejection of Pfizer's tender of the DUK claims, the Court finds that this is not a new issue. TIG had a reasonable incentive for exploring this issue at least as early as January 2005 because Stryker's original complaint against TIG alleged that Pfizer had tendered its defense of DUK claims and that Stryker denied any obligation to defend or indemnify Pfizer. (ECF No. 1, Compl. ¶ 23.) Accordingly, even if this issue was not addressed by the Magistrate Judge, this allegedly new defense does not present good cause for amending the CMO to extend discovery deadlines.

4

With respect to the estoppel issue, TIG asserts that the Magistrate Judge's denial of its motion to amend is clearly erroneous because he failed to consider TIG's argument that it needs additional time for discovery in light of the new estoppel argument Stryker first raised in April of 2014.[1]

TIG's discovery motion relied on two coverage defenses (rescission and failure to inform/cooperate) and issues related to Stryker's production of documents. (Mem. re Mot. to Amend CMO at 1, ECF No. 462.) Although TIG faults the Magistrate Judge for failing to consider its argument that it needed additional discovery in light of Stryker's new estoppel theory, TIG's reference in its brief to its need for discovery on Stryker's new estoppel theory was oblique at best.[2] TIG did not identify what additional discovery it needed to conduct in light of Stryker's new estoppel theory. Moreover, although TIG mentioned Stryker's new estoppel theory at the hearing on its motion, it did not argue that the new estoppel theory required an extension of the discovery deadlines. TIG only argued that Stryker should be required to move for leave to amend its complaint to add this theory. (Tr. 26-27.) The Magistrate Judge responded that "if Stryker is trying to sneak a new claim in here, that's not

---

[1] Stryker denies that it has raised a "new" estoppel theory of recovery and further denies that it had any duty to plead such a theory. (Stryker Opp. Br. 6, ECF No. 487.) Resolution of these issues is not necessary for purposes of this opinion.

[2] In conjunction with its argument about problems with Stryker's production of documents, TIG noted that "Stryker's newly-raised estoppel theory, which asserts that TIG's silence, during the period of time when Stryker was settling the Direct DUK Claims, led Stryker to believe TIG had no coverage issues, has arguably placed 'at issue' Stryker's beliefs about its insurance coverage during that time period. If so, Stryker may have waived privilege for a number of documents listed on the log." (TIG Mem. re Mot. to Amend CMO at 8.)

5

for today. That's for some other proceeding." (Tr. 36.) TIG did not clarify that the new estoppel theory was also relevant to its request for additional time for discovery. Now, in its objections, TIG asserts that until a motion to strike Stryker's new estoppel theory is ripe, it should be permitted to conduct full discovery on Stryker's new estoppel theory. The arguments TIG raises in its objections contain substantial facts and argument that were not presented to the Magistrate Judge. Absent compelling reasons, a party is not allowed to raise at the district court stage new arguments or issues that were not presented to the magistrate judge. 28 U.S.C. § 631 *et seq.*; *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). No such compelling reasons have been presented. The Court concludes that the Magistrate Judge did not abuse his discretion by failing to consider TIG's argument that discovery be extended because of Stryker's new estoppel theory.

Finally, TIG argues that the Magistrate Judge's ruling is clearly erroneous because it ignored the fact that the parties have agreed in effect to extend the discovery deadline. TIG contends that it is not reasonable to require the parties to meet the current dispositive motion deadline when discovery is not yet concluded. The parties' private agreement to conduct depositions outside of the deadlines set by the Court does not constitute good cause for amending the CMO. The Magistrate Judge's failure to state the obvious does not make his ruling clearly erroneous.

In its emergency motion for ruling on objections, TIG requests the Court to enter an order granting TIG's motion to amend the CMO, to extend the discovery deadline from June 30, 2014 to October 15, 2014, and to extend the filing of dispositive motions from July 31,

6

2014, to November 15, 2014. Through this motion, TIG is requesting a more limited extension of the deadlines in the CMO. Nevertheless, for the reasons stated above, the Court does not find good cause for amending the CMO.

The Court is satisfied that the Magistrate Judge's denial of TIG's motion to amend the CMO was neither clearly erroneous nor contrary to law. Accordingly, TIG's objections to the Magistrate Judge's order denying TIG's emergency motion to amend CMO (ECF No. 484) will be overruled, and TIG's emergency motion for a ruling on its objections (ECF No. 493) will be denied.

An order consistent with this opinion will be entered.


Dated: July 30, 2014                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE