`

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

    Plaintiffs,

v.

XL INSURANCE COMPANY, INC.,
f/k/a Winterthur International America
Insurance company, and TIG INSURANCE
COMPANY,

    Defendants.
_____/

Case No.  1:05-CV-51

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Defendant TIG Insurance Company's objections to the Magistrate Judge's order denying TIG's motion to amend answer to add rescission defense and to serve related expert disclosure and report.  (Order, ECF No. 475; Objs., ECF No. 483.)

**I.**

This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the

determination, but under a limited standard of review."). Findings of fact are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact simply because this Court would have decided the case differently. *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Legal conclusions, on the other hand, are reviewed de novo. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686).

The magistrate judges of this district have been empowered to perform all duties authorized by 28 U.S.C. § 636, including the power to "hear and determine any procedural or discovery motion or other pretrial matter in a case." W.D. Mich. LCivR 72.1. Given the magistrate judges' primary role in managing pretrial issues, this Court reviews the exercise of their discretion in case management decisions with great deference.

**II.**

On May 14, 2014, after the time to amend pleadings had expired,[1] TIG moved for leave to file an amended answer to add rescission as an affirmative defense. (Mot., ECF No. 455.) TIG asserted that its motion was based on information learned during discovery that Stryker had failed to inform TIG of the terms of the 1998 Pfizer/Stryker Asset Purchase Agreement before TIG issued its 2000 policy, and that such failure affected the risk assumed by TIG.

As a general rule, courts should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). A case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court asked to modify a scheduling order for good cause 'may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary*, 349 F.3d at 906).

The Magistrate Judge denied TIG's motion because TIG had not met the diligence standard applicable to motions to amend the case management order: "TIG has had a copy

---

[1] The time to amend pleadings expired on September 3, 2013. (Am. CMO, ECF No. 337.)

3

of the Asset Purchase Agreement since 2005 and has not been impeded in any way from developing its defenses in the nine years that this case has been pending." (Order, ECF No. 475.)

On appeal, TIG contends that the Magistrate Judge's determination that TIG failed to meet the "diligence standard" of Rule 16(b) is clearly erroneous and should be overturned. In support of this assertion, TIG asserts that the Magistrate Judge erred in asking whether TIG was **impeded** from developing defenses during the 2005-2014 period, rather than asking whether it was **reasonable** for TIG to not have fully developed all of its defenses during that period. (Objs. 6-7, ECF No. 483.) TIG contends that it was reasonable for it not to develop all of its defenses during that period because of the unique history of this case, which included stays, appeals, and the lack of any meaningful discovery between Stryker and TIG until late 2013. (*Id.* at 7-8.)

TIG has not cited any authority in support of its contention that the Magistrate Judge applied the wrong legal standard to his diligence inquiry. Moreover, contrary to TIG's representations, the Magistrate Judge did not only find that TIG was not impeded from developing its rescission defense; he also found that TIG did not act reasonably:

> Now, there's been quite an effort here to persuade me that the insurance company was not motivated to really dig into this case because it wasn't quite sure that its layer would ever even be at issue. That's an insurance company talking, not a litigant. There's no question here that TIG laid in the weeds for a decade in this case and pretended like it wasn't here. That's a decision that the excess carrier makes at its peril.
>
> I know for a fact because I was personally involved that we had a settlement

4

> conference and TIG was invited and they just didn't show up. Our layer isn't involved yet. We're not going to participate. That's fine. The insurance company can do that. But if its layer is pierced, then the insurance company finds itself in a position where it's been in a lawsuit since 2005 and, shame on the insurance company, hasn't done anything, hasn't even thought about what its defenses might be.
>
> Now, to say that that's reasonable is really not admissible. The insurance company, if it did not read – if TIG did not read the very agreement that it insured, if it didn't read that until 2013, then that is the opposite of diligence.

(Tr. 33, ECF No. 480.)

The finding that TIG did not act diligently is not clearly erroneous. TIG acknowledges that it had the 1998 Agreement in 2005. Although TIG asserts that it did not have all of the information that forms the basis of its good faith assertion of a rescission defense, the lack of discovery did not prevent TIG from examining its own file, and its own file would have been sufficient to enable TIG to decide whether or not to investigate a potential rescission claim.

TIG has not persuaded this Court that the Magistrate Judge's lack of diligence finding was clearly erroneous or contrary to law. Accordingly, TIG's objections to the order denying its motion to amend its answer to add a rescission defense (ECF No. 483) will overruled, and the Magistrate Judge's order denying TIG's motion to amend (ECF No. 475) will be affirmed.

An order consistent with this opinion will be entered.


Date:   August 22, 2014                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE