UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

      Plaintiffs,

v.

XL INSURANCE COMPANY, INC.,
f/k/a Winterthur International America
Insurance company, and TIG INSURANCE
COMPANY,

      Defendants.
_____/

Case No.  1:05-CV-51

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on TIG's objections to Stryker's proposed judgment. (ECF No. 569.)  TIG agrees with Stryker's proposed judgment except with respect to the penalty interest cut-off date.  TIG contends that the proposed judgment should be amended to reflect that penalty interest terminates upon the entry of final judgment.

      This Court did not address the cut-off date for penalty interest in its opinion on the parties' cross-motions for summary judgment.  (ECF No. 565.)  However, the order stated that penalty interest pursuant to Mich. Comp. Laws § 500.2006(4) would run "until paid in full." (ECF No. 566.)  This was clearly a mistake.  "'In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest.'" *Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir.

2005) (quoting *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000)). Stryker undoubtedly recognized that it was a mistake. In its motion for summary judgment on the issue of damages in this case, Stryker only requested prejudgment interest, and argued that penalty interest should run only until the date of entry of judgment. (Pl. Br. 15, ECF No. 556; Pl. Resp. Br. 11, ECF No. 560.) Moreover, when this Court awarded penalty interest in *Stryker I*, it only awarded such interest until the date of entry of judgment. *Stryker v. XL Ins. Am.*, No. 4:01-CV-157 (W.D. Mich.) (Oct. 7, 2009, Order, ECF No. 1094). Stryker did not challenge that ruling on appeal, and the Sixth Circuit confirmed that state penalty interest would only run until entry of judgment when federal post-judgment interest would begin:

> The parties agree that pre-judgment interest should run up until the point where the federal post-judgment interest provisions are triggered. Post-judgment interest is calculated "from the date of the entry of the judgment. . . ."

*Stryker Corp. v. XL Ins. Am.*, 735 F.3d 349, 361 (6th Cir. 2012) (quoting 28 U.S.C. § 1961(a)).

TIG has advised that before Stryker submitted its proposed judgment, TIG opposed Stryker's attempt to continue penalty interest beyond the date of the judgment. Stryker's failure to bring this issue immediately to the Court's attention even before it filed its proposed judgment, and its attempt to take advantage of this Court's mistake, is well below the standard of conduct expected of attorneys practicing in this district. Accordingly,

**IT IS HEREBY ORDERED** that the order on the cross-motions for summary judgment (ECF No. 566) is **AMENDED** to reflect that penalty interest pursuant to Mich.

Comp. Laws § 500.2006(4) shall run from December 23, 2012, until entry of the final judgment in this case.

**IT IS FURTHER ORDERED** that the Court will enter a final judgment substantially the same as Stryker's proposed final judgment, with the exception that the Court will change the termination date of penalty interest from "until paid in full" to "until the entry date of this final judgment."

Dated: May 15, 2015                     /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE